IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS E. PARIMORE & PATRICIA A. PARIMORE<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Bank of America, N.A. ("BANA") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants"), by and through counsel, hereby remove this action from the Chancery Court of Shelby County for the Thirtieth Judicial District at Memphis, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. Removal is based on federal question jurisdiction because a federal question appears on the face of Plaintiffs' Complaint. Removal is also based on diversity jurisdiction because Plaintiffs and Defendants have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Defendants state as follows:

**I.      BACKGROUND**

1.      This case was originally filed by Plaintiffs Thomas E. Parimore and Patricia A. Parimore ("Plaintiffs") in the Chancery Court for Shelby County at Memphis, Tennessee on

January 12, 2012.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit A.

2. Defendant BANA was served with a copy of the "Complaint to Restrict and Prohibit Foreclosure, to Set Aside Foreclosure, for Damages, and for Legal and Equitable Relief" ("Complaint") on January 26, 2012.

3. Defendant Deutsche Bank was served with a copy of the Complaint on January 31, 2012.

4. Among other things, the Complaint specifically alleges that Defendants are "in violation of numerous federal guidelines and RESPA." See Compl. ¶ 6.

5. Plaintiffs pray for compensatory damages of $1,000,000.00, for the right to amend the Complaint after discovery, and for a temporary restraining order, preliminary and/or permanent injunction to protect the rights of the Plaintiffs and to keep them in the home until the litigation can be resolved.  See Compl. Prayer ¶¶ 2-4.

6. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

**II.   THIS NOTICE OF REMOVAL WAS TIMELY FILED IN THE PROPER VENUE.**

7. This removal is timely because it is filed "within thirty days of receiving the document that provides the basis for removal." Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007); see 28 U.S.C. § 1446(b); see also ¶¶ 2-3 herein.

8. The United States District Court for the Western District of Tennessee, Western Division is the proper venue to file this Notice of Removal under 28 U.S.C. § 1441(a) because it

is the federal district court that embraces the place where the original action was filed and is pending.

### III. THIS COURT HAS FEDERAL QUESTION JURISDICTION.

9. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent on the face of Plaintiffs' Complaint that this action arises under and presents substantial questions of federal law under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Thus, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Further, to the extent the Complaint alleges statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under the federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. Thus, because some of Plaintiffs' claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c).

### IV. THIS COURT HAS DIVERSITY JURISDICTION.

12. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the

3

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . " 28 U.S.C. § 1332(a).

13. Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

### A. Diversity of Citizenship Exists Between Plaintiffs and Defendants.

14. There is diversity of citizenship between Plaintiffs, who are Tennessee residents, and Defendants, who are residents of different states. See 28 U.S.C. § 1332(a).

15. Plaintiff is a resident and citizen of Tennessee. See Compl. ¶ 1.

16. Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States with its main office as set forth in its articles of association in North Carolina. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 5. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); s*ee also, Hill v. Bank of America Corp.*, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."). Thus, BANA is a citizen of North Carolina.

17. Defendant Deutsche Bank National Trust Company is a corporation organized under the laws of New York, with its principal place of business in California. Therefore Deutsche Bank is a citizen of New York and California.

18. Because Plaintiffs are citizens of Tennessee, Defendant BANA is a citizen of North Carolina, and Defendant Deutsche Bank is a citizen of New York and California, complete diversity of citizenship exists between Plaintiffs and all Defendants.

4

### B. The Amount in Controversy Exceeds $75,000.00.

19. Although Defendants deny that Plaintiffs are entitled to recover any amount, and specifically deny that Plaintiffs are entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs.

20. Plaintiffs pray for compensatory damages of $1,000,000.00. See Compl. Prayer ¶ 2. Based on Plaintiffs' prayer for relief, the amount in controversy is well in excess of $75,000.00.

21. In sum, Plaintiffs' claim for compensatory damages demonstrates by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00, the jurisdictional requirement of this Court, and, thus, diversity jurisdiction is present. 28 U.S.C. § 1332(a).

### V. CONCLUSION

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under and presents substantial questions of federal law and has supplemental jurisdiction over any state law claims because those claims arise out of the same operative facts and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In addition, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because (i) diversity of citizenship between Plaintiffs and Defendants and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue.

WHEREFORE, Defendants respectfully request the above-captioned action now pending in the Chancery Court for Shelby County, Tennessee, be removed to the United States District Court for the Western District of Tennessee, and that said United States District Court assume

jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This 27th day of February, 2012.	Respectfully submitted,

    s/Paul Allen England
Donna L. Roberts (BPR No. 022249)
Paul Allen England (BPR No. 026288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
*donna.roberts@stites.com*
*paul.england@stites.com*

Tanielle D. Henriques (BPR No. 026843)
McGuireWoods LLP
Fifth Third Center
201 North Tryon Street
Charlotte, NC 28202
(704) 343-2392 (phone)
(704) 444-8745 (fax)
*thenriques@mcguirewoods.com*

*Counsel for Defendants Bank of America, N.A. and Deutsche Bank National Trust Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2012, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

*Via U.S. Mail:*
Ted I. Jones, Esq.
Jones & Garrett, Professional Association
1835 Union Avenue, Suite 315
Memphis, TN  38104
*Attorneys for Plaintiffs*


                                          s/Paul Allen England
                                          Paul Allen England

927707:1:NASHVILLE