# EXHIBIT A

## IN THE CHANCERY COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MEMPHIS
SHELBY COUNTY
CHANCERY COURT

JAN 1 2 2012

DEWUN R. SETTLE C & M
TIME: 10:32  BY:

THOMAS E. PARIMORE &
PATRICIA A. PARIMORE,

      Plaintiffs,

VS.                                                                No. CH-12-0060-1

BANK OF AMERICA, N.A., and
DEUTSCHE BANK NATIONAL TRUST COMPANY,

      Defendants.

---

## COMPLAINT TO RESTRICT AND PROHIBIT FORECLOSURE, TO SET ASIDE FORECLOSURE, FOR DAMAGES, AND FOR LEGAL AND EQUITABLE RELIEF

---

To the Honorable Chancellors of the Thirtieth Judicial District at Memphis:

1. Plaintiffs are residents and citizen of Tennessee and they have been so at all relevant times with respect to the allegations herein. They reside at 94 Rogers Drive, Atoka, Tennessee.

2. Defendant Bank of America, N.A. is, upon information and belief, a corporation and banking entity doing business in the State of Tennessee.

Defendant Deutsche Bank National Trust Company is a banking and mortgage entity which is engaged in business in the State of Tennessee. It has a registered agent for service of process in the State.

It is unclear from the record which one of these entities is the owner of the mortgage and which one is the servicer. Originally, the loan was with First Franklin Mortgage Services and these same parties were in a suit in the United States District Court. That case was voluntarily dismissed when the lender agreed to accept a home loan modification

request. Unfortunately for the Plaintiffs, it was never acted upon.

Plaintiffs have been advised that no further delays will be taken on the eviction and it is presently pending in Circuit Court.

Plaintiffs are aware that they largely will be unable to defend themselves in the pending eviction proceedings because that court does not inquire into the title or the appropriateness of the foreclosure or the charges.

2. Plaintiffs received *inadequate and misleading notice* of the foreclosure.

Plaintiffs were confused about their status because the mortgage company had been accepting payments, apparently, before, during and after the foreclosure.

During the life of the mortgage the payments have been less than $600.00 per month.

Plaintiffs are being evicted right now with respect to a mortgage foreclosure that is claimed to have occurred in 2008, almost 4 years ago. Plaintiff assert that their mortgage was transferred, sold, or given to another entity without their knowledge, and as a result, for years they did not know who to make the mortgage payments to or where to send them.

3. Plaintiffs further alleges that the charges and fees which have been run up on the account are excessive, duplicative, and have led to further and additional defaults.

4. Plaintiffs allege that Deed of Trust in this instance is a contract of adhesion; not contemplated, read or negotiated by the parties, and that the process in Tennessee of foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise have to under due process under the law.

)                                    )

5. Defendants' conduct has violated the Tennessee Consumer Protection Act and they are guilty of false and misleading practices in violation of T.C.A. 47-18-101 *et seq*. It is specifically alleged that the solicitation of funds while publishing and pursuing a foreclosure is a misleading practice.

Plaintiffs further allege that the adjustable rate mortgage and product which financed this loan was abusive, and resulted in a huge increase in the loan payment, and further, that the loan from the outset was calculated to result in a default through techniques such as front-loading huge fees and also not including an escrow for the payment of taxes and for the collection of insurance premiums.

6. *Plaintiffs specifically allege and assert that they were never notified of any transfer from First Franklin Loan Services, their previous mortgage company, to any third party at any time, in violation of numerous federal guidelines and RESPA.*

7. As a result of the concerted conduct of the Defendants the Plaintiffs have been damaged, has no peace of mind with respect to the property, and has lost financing opportunities and other avenues of relief.

8. Plaintiffs allege that it is misleading to debtors and consumers to have a collection department that is soliciting inquiries and telling consumers one thing, and a lawyer who is foreclosing on the property at the same time.

In this case, there was no notice of anything except the payments which were due, and the notices as to what the payment was were confusing and not explained.

9. As a result of not receiving proper notice, the Defendants have left your Plaintiffs with no timetable that is manageable for the reinstatement of their loan. In fact, they have been told it is an impossibility.

10. Of the money that the Plaintiff allegedly owes on the mortgage, it is alleged that the majority of the past due funds are attorney fees, unexplained mortgage charges, escrow advances that were not disclosed or explained, and/or tax advances that should not have been necessary in the case if the Defendants had properly calculated the funds needed on an ongoing basis starting about three (3) years ago.

11. Plaintiff has no remedy at law to remain in the property, and they will suffer an irreparable injury in the event they are evicted. An eviction matter is presently pending in the Circuit Court and James Bergstrom of Wilson & Associates, PLLC is counsel on the case. He has been advised that a temporary restraining order shall be sought by the Plaintiffs in this court on January 12, 2012 to halt the eviction process and keep the Plaintiffs in their home. He is aware that extraordinary relief under Rule 65 is being sought. He has advised that while he does not consent to the issuance of a temporary restraining order, he shall not appear to oppose it, and he shall notify his clients of the pending litigation and wait for them to assign counsel.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:**

1. That a copy of this suit be served upon the Defendants and that they be required to answer this suit or suffer a judgment by default.

2. For ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages from the Defendants for the losses and conduct which is detailed above.

3. For the right to amend this complaint after discovery and additional information is uncovered.

4. For a temporary restraining order, preliminary injunction and/or permanent

injunction to protect the rights of the Plaintiffs and keep them in their home after the foreclosure and until this litigation can be resolved.

    5. For such further and other relief as to which the Plaintiffs may be entitled.


RESPECTFULLY SUBMITTED,


TED I. JONES, #11017
Jones & Garrett
Professional Association
Suite 315
1835 Union Avenue
Memphis, Tennessee  38104
(901) 526-4249
Attorney for the Plaintiffs


**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE**

STATE OF TENNESSEE

COUNTY OF SHELBY

I, THOMAS PARIMORE hereby state under oath or by affirmation that the facts and allegations set forth in the preceding complaint and request for injunction are true and correct to the best of my knowledge, information and belief, and I am entitled to the relief sought.

THOMAS PARIMORE

Sworn to and Subscribed to before me this the 4th day of January, 2012.

Notary Public

## F I A T

To the Clerk of the Court:

Please issue the temporary restraining order and/or set this matter for a hearing as prayed for by the Plaintiff prohibiting the Defendant from proceeding with the eviction of the Plaintiffs from the property at 94 Rogers Drive, Atoka, Tennessee, as presently scheduled and set this matter for the

___26 th___ day of ___January___, 2012 at

___10:00 a.m.___ and issue or serve notice upon the Defendants.

Injunction bond is set at ___$500.00___.

___Walter L. Evans___
Chancellor

Date___01/12/12___

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT AT<br>MEMPHIS | SUMMONS<br>2012 JAN 24 PM 8: 26<br>CIVIL SECTION-CIVIL (FS) | DOCKET NUMBER<br>CH- 12-0060-1 |
|---|---|---|
| **Plaintiff**<br><br>Thomas Parimore, etux. | **Defendant**<br><br>Bank of America, et al | |

| TO: (NAME AND ADDRESS OF DEFENDANT) | Method of Service: |
|---|---|
| Deutsche Bank National Trust Company<br>Serve: Dennis Gillespie<br>119 So. Main Street, Suite 500<br>Memphis, Tennessee 38103 | ☐ Certified Mail<br>☒ Shelby County Sheriff<br>☐ Comm. Of Insurance*<br>☐ Secretary of State*<br>☐ Out of County Sheriff*<br>☐ Private Process Server<br>☐ Other<br>*Attach Required Fees |

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED 17 of January , 20 12 |
|---|---|
| Ted I. Jones, #11017<br>Jones & Garrett, Professional Association<br>Suite 315, 1835 Union Avenue<br>Memphis, TN 38104<br>(901) 526-4249, Dtedijones@aol.com | Donna L. Russell, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master |

| TO THE SHERIFF: | Came to hand<br><br>_____ day of _____, 20 _____<br><br>Sheriff<br>**BILL OLDHAM, SHERIFF** |
|---|---|

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901) 379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) Denis Gillespie

☒ Served _____   ☐ Not Found _____

☐ Not Served _____   ☐ Other _____

DATE OF RETURN: This 31 day of January
20 12 .

By: _____ S-6742
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. Signature of ____ Notary Public or ____ Deputy Court Clerk My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

~~Tennessee law provides a four thousand dollar ($4,000.00)~~ debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
140 Adams Ave.
Room 308
Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master By:_____ D.C. & M. |
|---|---|

09/18/07

# CHANCERY COURT CLERK'S OFFICE
## MEMPHIS, TENNESSEE

Thomas Parimore, etux.
_____
Plaintiff(s)

VS

Bank of America, N.A. et al.
_____
Defendant(s)

TO

Deutsche Bank National Trust Company

You are hereby notified that application for _____ restraining order or injunction _____ will be heard before the Chancery Court, Part ___III___, on _____ Thursday _____, the ___26th___, day of ___January___ 20 _12_ at ___10:00___ o'clock _A._ .M. as prayed for in the Complaint filed in this cause, a copy of which accompanies this writ and upon which Fiat has been granted. HEREIN FAIL NOT.

Witness Donna L. Russell, Clerk and Master of said Court, at office, the _____17_____ day of ___January___, 20 _12_.

DONNA L. RUSSELL, C. & M.

by _____
Deputy C. & M.

## RESTRAINING ORDER

In the meantime,
you are prohibited from evicting the Plaintiff from 94 Rogers Drive

until further Orders of this Court to the contrary

_____
Chancellor
Chancery Court, Shelby County, Tennessee

_____1. 17. 2012_____ .M.
Date

served after the
court date had passed
per chancery court

Elisa

NO. CH 12-0000-1

**CHANCERY COURT**

NOTICE OF APPLICATION FOR

*Thomas Parmera & AL*

vs.

*Bank of America & AL*

Issued 17 day of Jan. 2012

Donna L. Russell, C & M

Came to hand... 1/17/12

Executed on 1/31/12
by serving Dennis Gillespie
@ 1075 Mullins Station Rd.

_____
Attorney for Plaintiff(s)

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT AT<br>MEMPHIS | SHERIFF **SUMMONS** | DOCKET NUMBER<br>CH- 12-0060-1 |
|---|---|---|

**Plaintiff**

Thomas Parimore, etux.

2012 JAN 24 PM 6:26

CIVIL SECTION CIVIL (KG.)

**Defendant**

Bank of America, et al

TO:   (NAME AND ADDRESS OF DEFENDANT)

Bank of America, N.A.
100 Peabody Place
Memphis, Tennessee 38103

**Method of Service:**

☐ Certified Mail
☒ Shelby County Sheriff
☐ Comm. Of Insurance*
☐ Secretary of State*
☐ Out of County Sheriff*
☐ Private Process Server
☐ Other
   *Attach Required Fees

**You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED 17 of January , 20 12 |
|---|---|
| Ted I. Jones, #11017<br>Jones & Garrett, Professional Association<br>Suite 315, 1835 Union Avenue<br>Memphis, TN 38104<br>(901) 526-4249, Dtedijones@aol.com | Donna L. Russell, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master |

| TO THE SHERIFF: | **Came to hand** |
|---|---|
| | _____ day of _____, 20 _____ |
| | **Sheriff** |

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901) 379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _CHANDA Withuspon (MAnaga)_

☐ Served _BAnk of Amdica_       ☐ Not Found _____
☐ Not Served _____       ☐ Other _____

| | |
|---|---|
| DATE OF RETURN: This _____ day of _____ 20 ____ . | By: _____ |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20____, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to

the defendant _____. On the _____ day of _____, 20____, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20____.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. Signature of ____ Notary Public or ____ Deputy Court Clerk My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
             140 Adams Ave.
             Room 308
             Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master By:_____                      D.C. & M. |

09/18/07

# CHANCERY COURT CLERK'S OFFICE
## MEMPHIS, TENNESSEE

Thomas Parimore, etux.
_____
Plaintiff(s)

VS

Bank of America, N.A. et al.
_____
Defendant(s)

TO

Bank of America, N.A.

You are hereby notified that application for _____ restraining order or injunction
will be heard before the Chancery Court, Part ___III___ , on _____ Thursday _____ ,
the ___26th___ , day of ___January___ 20 _12_ at _10:00_ o'clock _A._ .M. as prayed for in
the Complaint filed in this cause, a copy of which accompainies this writ and upon which Fiat has been granted.
HEREIN FAIL NOT.
Witness Donna L. Russell, Clerk and Master of said Court, at office, the _____17_____ day of
__January__ , 20 _12_ .

DONNA L. RUSSELL, C. & M.
by _____
Deputy C. & M.

## RESTRAINING ORDER

In the meantime,
you are prohibited from evicting the Plaintiff from 94 Rogers Drive

until further Orders of this Court to the contrary

### WALTER L. EVANS
_____
Chancellor
Chancery Court, Shelby County, Tennessee

_____1·17·2012_____ .M.
Date

NO. CH-12-0060-1

**CHANCERY COURT**

NOTICE OF APPLICATION FOR

*Thomas Paimore et al*

VS.

*Bank of America et al*

Issued __17__ day of __January__ 20__12__

Donna L. Russell, C & M

Came to hand.....

Attorney for Plaintiff(s)

SHELBY COUNTY
CHANCERY COURT
JAN 17 2012
DEWUN R. SETTLE, C & M
TIME: _____ BY: _____

# INJUNCTION BOND

No. ___CH-12-0060-1___

We ___Thomas Parimore & Patricia Parimore___

_____ as principal and

___Ted I. Jones___ as surety acknowledge

ourselves indebted to ___Bank of America N.A., et al.___

_____ in the sum of

___$500.00 (Five Hundred and 0/100ths)___ Dollars

The condition of the above Bond is such, that whereas the said _____

___Thomas and Patricia Parimore___

Complainant _____ this day filed ___a verified___ Complaint in the Chancery Court

of Shelby County against the said ___Bank of America N.A., et al.___

Defendant and obtained an order for the issuance of the Writ of Injunction, in accordance with said order, upon

the execution of this Bond. Now, if the said Complainant shall pay such damages and costs as may be awarded

by the Chancery Court in dismissing the complaint, then this obligation to be void, otherwise to remain in full

force and effect.

Witness our hands and seals this, the ___12th___ day of ___January___, 20 ___12___.

_Thomas Parimore_

Thomas Parimore by TIJ

_Ted I. Jones_

Ted I. Jones

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**THOMAS E. PARIMORE &**
**PATRICIA A. PARIMORE**

     **Plaintiffs,**

**vs.**
                         **Civil Action Docket No. CH-12-0060-1**

**BANK OF AMERICA, N.A., and**
**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY,**

     **Defendants.**

### NOTICE OF FILING OF REMOVAL

    **PLEASE TAKE NOTICE THAT** on February 27, 2012, Defendants Bank of America, N.A. and Deutsche Bank National Trust Company (collectively, "Defendants") filed their Notice of Removal in the United States District Court for the Western District of Tennessee. A copy of Defendants' Notice of Removal is attached hereto as <u>Exhibit A</u>, and served and filed herewith.

    **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal with the United States District Court, together with the filing of this Notice of Filing of Removal, effects the removal of the action, and this Court shall proceed no further unless and until this case is remanded.

This 27th day of February, 2012.                Respectfully submitted,

Donna L. Roberts (BPR No. 022249)
Paul Allen England (BPR No. 026288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)

Tanielle D. Henriques (BPR No. 026843)
McGuireWoods LLP
Fifth Third Center
201 North Tryon Street
Charlotte, North Carolina 28202
(704) 343-2392 (phone)
(704) 444-8745 (fax)

*Counsel for Defendants Bank of America, N.A. and Deutsche Bank National Trust Company*

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2012, a copy of the foregoing was served by first-class U.S. Mail addressed to the following:

Ted I. Jones, Esq.
Jones & Garrett, Professional Association
1835 Union Avenue, Suite 315
Memphis, TN 38104
*Attorneys for Plaintiffs*

Paul Allen England

927709:1:NASHVILLE                                2



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **THOMAS E. PARIMORE &** | |
| **PATRICIA A. PARIMORE** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **vs.** | |
| **BANK OF AMERICA, N.A., and** | |
| **DEUTSCHE BANK NATIONAL TRUST** | |
| **COMPANY,** | |
| **Defendants.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Bank of America, N.A. ("BANA") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants"), by and through counsel, hereby remove this action from the Chancery Court of Shelby County for the Thirtieth Judicial District at Memphis, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. Removal is based on federal question jurisdiction because a federal question appears on the face of Plaintiffs' Complaint. Removal is also based on diversity jurisdiction because Plaintiffs and Defendants have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Defendants state as follows:

### I.    BACKGROUND

1.      This case was originally filed by Plaintiffs Thomas E. Parimore and Patricia A. Parimore ("Plaintiffs") in the Chancery Court for Shelby County at Memphis, Tennessee on



January 12, 2012.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit A.

2.      Defendant BANA was served with a copy of the "Complaint to Restrict and Prohibit Foreclosure, to Set Aside Foreclosure, for Damages, and for Legal and Equitable Relief" ("Complaint") on January 26, 2012.

3.      Defendant Deutsche Bank was served with a copy of the Complaint on January 31, 2012.

4.      Among other things, the Complaint specifically alleges that Defendants are "in violation of numerous federal guidelines and RESPA." See Compl. ¶ 6.

5.      Plaintiffs pray for compensatory damages of $1,000,000.00, for the right to amend the Complaint after discovery, and for a temporary restraining order, preliminary and/or permanent injunction to protect the rights of the Plaintiffs and to keep them in the home until the litigation can be resolved.  See Compl. Prayer ¶¶ 2-4.

6.      In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

**II.      THIS NOTICE OF REMOVAL WAS TIMELY FILED IN THE PROPER VENUE.**

7.      This removal is timely because it is filed "within thirty days of receiving the document that provides the basis for removal." Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007); see 28 U.S.C. § 1446(b); see also ¶¶ 2-3 herein.

8.      The United States District Court for the Western District of Tennessee, Western Division is the proper venue to file this Notice of Removal under 28 U.S.C. § 1441(a) because it

927707:1:NASHVILLE

is the federal district court that embraces the place where the original action was filed and is pending.

### III.    THIS COURT HAS FEDERAL QUESTION JURISDICTION.

9.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent on the face of Plaintiffs' Complaint that this action arises under and presents substantial questions of federal law under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA").  Thus, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

10.     Further, to the extent the Complaint alleges statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under the federal law and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

11.     Thus, because some of Plaintiffs' claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c).

### IV.    THIS COURT HAS DIVERSITY JURISDICTION.

12.     This Court also has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . " 28 U.S.C. § 1332(a).

13.     Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

### A.     Diversity of Citizenship Exists Between Plaintiffs and Defendants.

14.     There is diversity of citizenship between Plaintiffs, who are Tennessee residents, and Defendants, who are residents of different states.  See 28 U.S.C. § 1332(a).

15.     Plaintiff is a resident and citizen of Tennessee.  See Compl. ¶ 1.

16.     Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States with its main office as set forth in its articles of association in North Carolina.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 5. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also, Hill v. Bank of America Corp.*, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."). Thus, BANA is a citizen of North Carolina.

17.     Defendant Deutsche Bank National Trust Company is a corporation organized under the laws of New York, with its principal place of business in California.  Therefore Deutsche Bank is a citizen of New York and California.

18.     Because Plaintiffs are citizens of Tennessee, Defendant BANA is a citizen of North Carolina, and Defendant Deutsche Bank is a citizen of New York and California, complete diversity of citizenship exists between Plaintiffs and all Defendants.

4

**B.      The Amount in Controversy Exceeds $75,000.00.**

19.      Although Defendants deny that Plaintiffs are entitled to recover any amount, and specifically deny that Plaintiffs are entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs.

20.      Plaintiffs pray for compensatory damages of $1,000,000.00. See Compl. Prayer ¶ 2. Based on Plaintiffs' prayer for relief, the amount in controversy is well in excess of $75,000.00.

21.      In sum, Plaintiffs' claim for compensatory damages demonstrates by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00, the jurisdictional requirement of this Court, and, thus, diversity jurisdiction is present. 28 U.S.C. § 1332(a).

**V.      CONCLUSION**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under and presents substantial questions of federal law and has supplemental jurisdiction over any state law claims because those claims arise out of the same operative facts and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In addition, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because (i) diversity of citizenship between Plaintiffs and Defendants and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue.

WHEREFORE, Defendants respectfully request the above-captioned action now pending in the Chancery Court for Shelby County, Tennessee, be removed to the United States District Court for the Western District of Tennessee, and that said United States District Court assume

5

jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This 27th day of February, 2012.                    Respectfully submitted,

s/Paul Allen England
Donna L. Roberts (BPR No. 022249)
Paul Allen England (BPR No. 026288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
*donna.roberts@stites.com*
*paul.england@stites.com*

Tanielle D. Henriques (BPR No. 026843)
McGuireWoods LLP
Fifth Third Center
201 North Tryon Street
Charlotte, NC 28202
(704) 343-2392 (phone)
(704) 444-8745 (fax)
*thenriques@mcguirewoods.com*

*Counsel for Defendants Bank of America, N.A. and Deutsche Bank National Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below.  Parties may also access this filing through the Court's ECF system.

*Via U.S. Mail:*
Ted I. Jones, Esq.
Jones & Garrett, Professional Association
1835 Union Avenue, Suite 315
Memphis, TN  38104
*Attorneys for Plaintiffs*

s/Paul Allen England
Paul Allen England

927707:1:NASHVILLE